IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCIS W. DAVIS,

    Plaintiff,                  No. CIV S-11-0955 EFB P

    vs.

N. ALI, et al.,

    Defendants.          ORDER

                              /

        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 6. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II. Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant for the following reasons.

Plaintiff names as defendants Ali and Rodgers, who are alleged to be prison officials at Mule Creek State Prison. Plaintiff alleges he has a serious heart condition and takes nitroglycerin pills for chest pains, and gabapentin for back pain. He claims that on January 17, 2010, he refused Ali's order to open his mouth wide so that Ali could determine whether plaintiff had in fact swallowed a gabapentin pill. Plaintiff claims Ali then searched his cell in retaliation for plaintiff's refusal to be humiliated. During the search of plaintiff's cell, Ali allegedly took plaintiff's nitroglycerin pills, two Bic pens, and foot cream. Ali allegedly refused to return plaintiff's nitroglycerin pills even though plaintiff informed Ali he needed it for chest pain. Nitroglycerin pills were allegedly reordered for plaintiff on January 28, 2010. Ali allegedly drafted a false rules violation report based upon this incident. Defendant Rodgers allegedly denied plaintiff a witness at the hearing on the rule violation, and plaintiff was found guilty. Plaintiff alleges Ali is prejudiced against African Americans.

**A.  Retaliatory Cell Search**

Plaintiff alleges Ali searched plaintiff's cell in retaliation for plaintiff standing up for himself and not allowing Ali to humiliate him. To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Thus, to prevail on a retaliation claim, the prisoner "must show that the challenged action 'did not reasonably advance a legitimate correctional goal.'" *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting *Rhodes*, 408 F.3d at 568). Plaintiff fails to allege facts indicating that Ali's search of his cell was motivated by conduct protected under the First Amendment and did not reasonably advance a legitimate correctional goal.

////

////

Moreover, plaintiff has no Fourth Amendment right to freedom from a search of his cell. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984).

**B.      Confiscation of Plaintiff's Property**

Plaintiff alleges Ali was deliberately indifferent to his medical needs by not returning plaintiff's nitroglycerin, that the cell search did not comply with CDCR regulations, and that he was deprived of his property without due process. These allegations fail to state a claim upon which relief may be granted.

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Mere delay in medical treatment must lead to further injury to amount to deliberate indifference. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough

4

that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

Plaintiff claims was without his nitroglycerin pills from January 17, 2010 to January 28, 2010. Although plaintiff alleges he has a heart condition and chest pains, he does not allege under what circumstances or how often he was required to take the nitroglycerin pills. Nor does plaintiff allege he was injured as a result of the apparent 11-day period he was without his pills. Plaintiff also fails to allege sufficient facts to indicate that Ali knew plaintiff faced a substantial risk of serious harm by temporarily depriving plaintiff of the pills. Plaintiff thus fails to state an Eighth Amendment deliberate indifference to medical needs claim.

Furthermore, where a prisoner alleges the deprivation of a liberty or property interest in violation of the Fourteenth Amendment, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides such a remedy for prisoners. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing California Government Code §§ 810-895).

**C.     Falsified Rules Violation Report & Denial of A Witness**

Plaintiff alleges Ali falsified the rules violation report, for which he was found guilty, and that Rodgers denied him a witness at the hearing, and violated his Sixth Amendment right to self-representation.

Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 952 (2nd Cir. 1986).

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz,* 325 F.3d 1078, 1085 (9th Cir.

5

2003). State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff*, 418 U.S. at 563-67).

Here, plaintiff alleges that Ali falsified the rules violation report and that Rodgers denied him a witness, but he does not allege facts showing that he was deprived of a constitutionally protected liberty or property interest as a result. Additionally, the Sixth Amendment concerns procedural protections in the context of criminal prosecutions only, and prison disciplinary proceedings are not "criminal prosecutions" as that term is used in the Sixth Amendment. *Baxter v. Palmigiano*, 425 U.S. 308 (1976); *Wolff v. McDonnell*, 418 U.S. 539 (1974).

**D.  Equal Protection**

Plaintiff alleges in conclusory terms that Ali is prejudiced against African Americans and that both Ali and Rodgers treated plaintiff differently than similarly situated inmates. Although not alleged in the complaint, exhibits thereto indicate that plaintiff is African American.

"To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

////

Plaintiff's conclusory allegations of being treated differently and of Ali's alleged prejudice, are insufficient to state a claim that any defendant purposely discriminated against plaintiff because of his race.

### III. Leave to Amend

For the reasons stated above, the complaint fails to state a claim upon which relief may be granted. Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Plaintiff is hereby informed that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.

1 | *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

2 |     Accordingly, the court hereby orders that:

3 |     1.  Plaintiff's request to proceed in forma pauperis is granted.

4 |     2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
5 | accordance with the notice to the Director of the California Department of Corrections and
6 | Rehabilitation filed concurrently herewith.

7 |     3.  The complaint is dismissed with leave to amend within 30 days.  The amended
8 | complaint must bear the docket number assigned to this case and be titled "First Amended
9 | Complaint."  Failure to comply with this order will result in this action being dismissed for
10 | failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the
11 | court will proceed with service of process by the United States Marshal.

12 | Dated:  March 5, 2012.

*[signature: Edmund F. Brennan]*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE