IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCIS W. DAVIS,

    Plaintiff,           No. 2:11-cv-0955 EFB P

  vs.

N. ALI, et al.,

    Defendants.       ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In the original complaint, plaintiff named as defendants Ali and Rodgers, correctional officers at Mule Creek State Prison. Plaintiff alleged that he has a serious heart condition and takes nitroglycerin pills for chest pains, and gabapentin for back pain. He claimed that on January 17, 2010, he refused defendant Ali's order to open his mouth wide so that Ali could determine whether plaintiff had in fact swallowed a gabapentin pill. Plaintiff claimed Ali then searched his cell in retaliation for plaintiff's refusal to be humiliated. During the search of plaintiff's cell, Ali allegedly took plaintiff's nitroglycerin pills, two Bic pens, and foot cream. Ali allegedly refused to return plaintiff's nitroglycerin pills even though plaintiff informed Ali he needed it for chest pain. Nitroglycerin pills were allegedly reordered for plaintiff on January 28, 2010. Ali allegedly drafted a false rules violation report based upon this incident. Defendant Rodgers allegedly denied plaintiff a witness at the hearing on the rule violation, and plaintiff was found guilty.

In screening the initial complaint, the court informed plaintiff that his allegations failed to state a cognizable claim for relief. Dckt. No. 7. As discussed below, the allegations in the amended complaint do not materially differ from those in the original complaint and fail to correct the deficiencies identified in the court's initial screening order.

In the amended complaint, plaintiff again claims that defendant Ali searched plaintiff's cell in retaliation for plaintiff standing up for himself. Plaintiff explains that after defendant Ali ordered him to open his mouth wider so that Ali could confirm whether plaintiff swallowed his medication, plaintiff "stood up straight and told Def. Ali 'No!'" Dckt. No. 12 at 9-10. The court previously informed plaintiff that to state a viable First Amendment retaliation claim, he must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff's admitted refusal to comply with Ali's order is not conduct protected by the First

Amendment in the prison setting.  Because plaintiff fails to show that Ali's search of his cell was motivated by conduct protected under the First Amendment, plaintiff fails to state a cognizable retaliation claim.

In the amended complaint, plaintiff repeats his allegations that defendant Ali was deliberately indifferent to his medical needs by not returning plaintiff's nitroglycerin pills or foot cream.  He alleges that he made Ali aware that he needed the nitroglycerin for chest pains and that he needed the foot cream to treat a fungus.  Plaintiff also claims that Ali's behavior was contrary to CDCR regulations, and that Ali deprived him of his property without due process.  Once again, these allegations fail to state a claim upon which relief may be granted.

To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  Mere delay in medical treatment must lead to further injury to amount to deliberate indifference. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

With respect to the nitroglycerin, plaintiff alleges that he still had nitroglycerin pills in his pocket when Ali confiscated the bottle in his locker.  Dckt. No. 12 at 61.  He also alleges that the nitroglycerin was re-ordered for him on January 28, 2010, and that in February of 2010, he still had leftover pills. *Id.* at 8, 60.  Though plaintiff claims generally that Ali's actions caused him "stress and anxiety," he fails to allege that Ali's acts were sufficiently harmful to evidence deliberate indifference. *See id.* at 6.

3

As for the foot cream, plaintiff fails to plead facts showing that he suffered from an objectively serious medical need or that Ali's actions exposed him to a substantial risk of serious harm. While plaintiff describes various medical appointments and procedures that he went through in 2010, his allegations do not show, or even suggest, that they were in any way related to Ali's alleged actions. *See id.* at 8-9. Plaintiff was previously informed that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. Plaintiff fails to plead facts sufficient to state an Eighth Amendment deliberate indifference claim against defendant Ali.

Plaintiff also fails to cure the defects in his due process claims based on Ali's allegedly unauthorized confiscation of plaintiff's property and Ali and Rodgers' alleged conduct regarding plaintiff's rule violation report and related proceedings. To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Plaintiff again fails to plead facts showing that defendants' actions deprived him of a constitutionally protected liberty or property interest. Where a prisoner alleges the deprivation of a liberty or property interest in violation of the Fourteenth Amendment, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides such a remedy for prisoners. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing California Government Code §§ 810-895).

////

Additionally, plaintiff fails to state a claim for violation of his Sixth Amendment rights, because those procedural protections apply in the context of criminal prosecutions only, and prison disciplinary proceedings are not "criminal prosecutions" as that term is used in the Sixth Amendment. *Baxter v. Palmigiano*, 425 U.S. 308 (1976); *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Finally, absent any constitutional violation, plaintiff's claim for violation of regulations contained in Title 15 of the California Code of Regulations also fail, because there is no independent cause of action for violation of those regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada County*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)).

Despite an opportunity to amend, plaintiff appears to be unable to state a cognizable claim for relief, and further leave to amend appears futile. Accordingly, the court will dismiss the amended complaint without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint is dismissed for failure to state a claim and the Clerk is directed to close this case.

Dated: November 13, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5